IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARVEY CANTRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-0328-MJR |
| ) | |
| JESSE WHITE, ) | |
| Illinois Secretary of State, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

REAGAN, District Judge:

On April 27, 2006, Harvey Cantrell filed a pro se complaint in this United States District Court, asserting that the Illinois Secretary of State violated his (Cantrell's) civil rights and "Federal law" by suspending Cantrell's driving privileges. The three-sentence complaint also references violation of a "statute of limitations."

With his complaint, Cantrell filed motions seeking appointment of counsel, service of process, and leave to proceed in forma pauperis. By granting a motion for pauper status, a federal court authorizes a lawsuit to proceed without prepayment of fees. But the applicable statute – **28 U.S.C. § 1915(e)(2)** – requires federal courts to carefully screen the complaints filed by pauper status movants. As part of that rigorous review, this Court must dismiss any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id*.

As an initial matter, the Court cannot ascertain any basis on which to exercise subject matter jurisdiction over Cantrell's lawsuit. He incants the words "federal law," seemingly referring to federal question jurisdiction, but he does not allege any claim under the federal constitution or a federal statute. *See* **28 U.S.C. § 1331;** ***Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003).**

The law of this Circuit holds that federal question jurisdiction arises "only when the complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." ***Williams*, 351 F.3d at 298,** *citing **Minor v. Prudential Secs., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996), and *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).** Nor does Cantrell's suit fall within the diversity jurisdiction delineated in **28 U.S.C. § 1332**.

Thus, as explained below, the Court must dismiss Cantrell's lawsuit for lack of subject matter jurisdiction before even reaching his motion for pauper status.[1]

Certain provisions of the Illinois Vehicle Code permit summary suspension of a driver's license. *See, e.g.,* 625 ILCS 5/11-501.1 (summary suspension for driving under the influence of alcohol). The motorist can petition to rescind the summary suspension of his license. The decision of the Secretary of State <u>is</u> subject to judicial review, but review lies in the circuit courts of the State of Illinois under the

---

[1] If the Court *could* reach that issue, Cantrell's complaint would not survive scrutiny, as it fails to state a claim upon which relief can be granted.

Administrative Review Law. *Arvia v. Madigan*, 809 N.E.2d 88, 96 (Ill. 2004), *citing* 735 ILCS 5/3-101, et seq., and 625 ILCS 5/11-501.8(h).

Strict time limits govern review. *See, e.g.*, 625 ILCS 5/2-118.1(b) ("Within 90 days after the notice of statutory summary suspension served under Section 11-501.1, the person may make a written request for a judicial hearing in the circuit court of venue...."). The undersigned Judge makes no comment as to whether Cantrell still can seek judicial review in the Circuit Court of St. Clair County, Illinois (the complaint indicates that he lives within that county). Clearly, though, this federal court is not the proper forum to review the Illinois Secretary of State's suspension of Cantrell's driving privileges.

Accordingly, on threshold review, the Court **DISMISSES** this case for lack of subject matter jurisdiction. (Dismissal is without prejudice to Cantrell's refiling in a court of competent jurisdiction.) The dismissal **RENDERS MOOT** the motions for pauper status, appointment of counsel, and service of process at Government expense (Docs. 2, 3 & 4), as this Court lacks jurisdiction to rule thereon.

**IT IS SO ORDERED.**

**DATED this 4th day of May, 2006.**

s/Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge